## Supervision of Girard College

ANNE X. ALPERN, Attorney General, and JEROME H. GERBER, Deputy Attorney General, July 13, 1961. —You have requested our advice on the powers of your department to visit, inspect and otherwise supervise Girard College.

Girard College is a secondary school at which orphan and half orphan boys are boarded and educated. The history of this school and its benefactor, Stephen Girard, are set forth in the opinions of our Supreme Court in Girard Will Case, 386 Pa. 548, 127 A. 2d 287 (1956), and Girard College Trusteeship, 391 Pa. 434, 138 A. 2d 844 (1958). The trustees under the will of Stephen Girard are charged with the responsibility of

admitting orphan boys, of feeding, clothing and lodging them, and of giving due attention to their health, exercise and education.

The Department of Public Welfare is given supervisory power over:

"All children's institutions within this Commonwealth": section 2303(c) of The Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §593.

"Children's Institutions" are defined by section 2302(b) of The Administrative Code, 71 PS §592(b), as including "any incorporated or unincorporated organization, society, corporation or agency, public or private, which may receive or care for children, . . . either at board, wages or free; . . ." Section 2302 of The Administrative Code, 71 PS §592(d), includes within the definition of "Supervised Institution" all children's institutions within the Commonwealth.

Under section 2304(b) of The Administrative Code, 71 PS §594(b), the Department of Public Welfare is empowered and given the duty:

"(b) To visit and inspect, at least once in each year, all State and supervised institutions; to inquire and examine into their methods of instruction, discipline, . . . care or treatment, the care, treatment, government or management of their inmates or those . . . residing therein, the official conduct of their inspectors, trustees, managers, directors or other officer or officers charged with their management by law or otherwise, or having the management, care, custody or control thereof, the buildings, grounds, premises, and equipment thereof, or connected therewith, and all and every matter and thing relating to their usefulness, administration, and management, and to the welfare of the inmates thereof, or those . . . residing therein;

"For these purposes, the Secretary of Public Welfare, or other officer, inspector or agent of the department, shall have free and full access to the grounds, premises, and buildings, of and to all the records, books

or papers of or relating to any such State or supervised institution, and full opportunity to interrogate or interview any inmate thereof, or any person . . . residing therein, and all persons connected with any such State or supervised institution as officers, or charged with the management thereof, by law or otherwise, or in any way having the care, custody, control, or management thereof, or connected therewith as employes, are hereby directed and required to give to the Secretary of Public Welfare, or to such officer, inspector or agent of the department, such means, facilities, and opportunity for such visitation, examination, inquiry, and interrogation, as is hereby provided and required, or as the department, by its duly ordained rules or regulations, may require."

It is quite obvious that these statutory provisions are applicable to all children's institutions, and it is equally obvious that Girard College is a children's institution. A somewhat comparable result was reached by this department (Board of Public Charities, 21 Dist. R. 420 (1912)) where the issue was the right of the State Board of Public Charities to inquire into the management of homes maintained by religious denominations and fraternal societies. This department concluded that this right of visitation and inquiry did exist, citing an earlier departmental opinion by this department of June 19, 1890, 1889-1890 Op. Atty. Gen. 78, as well as Burd Orphan Asylum v. The School District of Upper Darby, 90 Pa. 21, 35 (1879). It follows that the right of your department to visit and supervise Girard College under the above-cited provisions of The Administrative Code cannot be denied.

It is our opinion and you are, therefore, accordingly advised that Girard College is a children's institution as that term is defined by The Administrative Code of 1929. As such, it is subject to supervision and visitation by the Department of Public Welfare.